**J. F. BLACKFORD, et al., Plaintiffs,**

v.

**ACTION PRODUCTS COMPANY, INC., Defendant.**

**No. 81–0369–CV–W–6.**

United States District Court, W. D. Missouri, W. D.

Nov. 9, 1981.

Robert Gingrich, Jr., Kodas, Reed, Gingrich & McFadden, Kansas City, Mo., for plaintiffs.

Reed O. Gentry, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for defendant.

ORDER

SACHS, District Judge.

Before the Court is plaintiff J. F. Blackford's motion for partial summary judgment. Plaintiff seeks summary judgment in the amount of $13,427.02, representing commissions allegedly due him as of December 31, 1980, on a portion of his claim in Count VII. Count VII also prays for additional amounts allegedly due as commissions and seeks punitive damages in the amount of one million dollars. Defendant has admitted that the $13,427.02 is owed to plaintiff but denies that any additional amounts are due.

Defendant maintains that summary judgment is not permitted as to a portion of a single claim, and cites authority from the United States Courts of Appeals for the Third and Seventh Circuits to support that proposition. *See, e. g. Coffman v. Federal Laboratories, Inc.*, 171 F.2d 94 (3d Cir. 1948); *Biggins v. Oltmer Iron Works*, 154 F.2d 214 (7th Cir. 1946).

The Federal Rules of Civil Procedure provide that a party seeking to recover upon a claim may be awarded summary judgment "upon all or part thereof". Rule 56(a) F.R. Civ.P; *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663, 667 (N.D.W.Va.1975). We decline defendant's invitation to read less into the rule than is there. We do not believe defendant's interpretation to represent either the intent of the drafters or sound procedural policy.

The award of summary judgment on a portion of a claim is clearly covered by the

words of Rule 56(a). It is a not uncommon occurrence, and has been the practice since early decisions applying the Federal Rules of Civil Procedure. *See, e. g. Duplantis v. Williams-McWilliams Industries, Inc.,* 298 F.Supp. 13 (E.D.La.1969); *United States v. Brotherton,* 106 F.Supp. 353 (S.D.N.Y.1952); *McDonald v. Batopilas Mining Co.,* 8 F.R.D. 226 (E.D.N.Y.1948); *Sparks v. England,* 1 F.R.D. 688 (W.D.Mo.1941). The cases concluding that Rule 56(a) does not allow summary judgment on a portion of a claim have relied on the following excerpt from Rule 56(d):

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court ... shall, if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy ....

The duty to sift the issues under Rule 56(d) is in no way inconsistent with the duty to award judgment on "all or part" of a claim under Rule 56(a). A Rule 56(d) order may be issued as part of a summary judgment determination under Rule 56(a), or in cases in which no judgment is warranted, but certain material issues have been decided.[1]

Even assuming ambiguity that would permit a choice of the "better" procedural rule, we cannot view the award of summary judgment on a portion of a claim as bad policy. The result we reach in this case is no different in substance than the result had plaintiff listed the pre-1981 commissions as a separate count. The goal of the current Federal Rules is to avoid results that turn on fine points of the art of pleading. *See, e. g., Leffingwell v. Griffing,* 31 Cal. 232 (1866). Furthermore, the defendant should not be absolved from paying what he admits he owes simply because it is

uncertain whether he owes still more. *Tractor & Equipment Corporation v. Chain Belt Co.,* 50 F.Supp. 1001, 1006 (S.D.N.Y. 1942). Finally, we are not persuaded that, as a practical matter, the award of summary judgment on a portion of a claim will enhance significantly the danger of "piecemeal appeals," which is one of the arguments favoring a narrow reading of Rule 56(a). *See* Comment, *Partial Summary Judgments under Rule 56(a),* 32 *U.Chi.L. Rev.* 816, 822–823 (1965).

For the reasons stated above, summary judgment will be granted plaintiff J. F. Blackford in the amount of $13,427.02, representing commissions through December 31, 1980, plus interest from date of judgment. A rule 54(b) determination will be made on further motion by plaintiff.

SO ORDERED.

---

1. An example of the latter situation would be a personal injury case in which defendant admitted negligence, but material questions of fact

remained with regard to plaintiff's contributory negligence.