**William Ray GAGON, Plaintiff
and Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Defendant
and Petitioner.**

No. 880060.

Supreme Court of Utah.

Sept. 28, 1988.

Paul M. Belnap, Stephen J. Trayner, Salt Lake City, for defendant and petitioner.

John D. Parken, Marcella L. Keck, Salt Lake City, for plaintiff and respondent.

### ORDER

The above-entitled petition for writ of certiorari having been heretofore considered, it is hereby ordered that the same be denied. ·

ZIMMERMAN, Justice (concurring in denial of certiorari):

Defendant State Farm Mutual Insurance Company ("State Farm") seeks review of the Court of Appeals' opinion, 746 P.2d 1194 (Utah App.1987), which reversed the trial court's grant of a directed verdict in favor of State Farm on plaintiff William Ray Gagon's claim that State Farm had acted in bad faith in refusing to pay an insurance claim. The Court today denies the writ. I agree that the holding below is correct; however, I write separately for the purpose of disavowing the implications of dicta in the last sentence of the Court of Appeals' opinion.

The Court of Appeals first properly held that the facts were sufficient to go to the jury on the question of whether State Farm had breached the covenant of good faith and fair dealing described in *Beck v. Farmers Ins. Exch.*, 701 P.2d 795 (Utah 1985). The Court of Appeals then properly held that, under the facts of this case, the trial court had not erred in excluding evidence of punitive damages and consequential damages, which consist of attorney fees, when it sent to the jury the separate question of whether State Farm had breached the contract of insurance when it refused to pay the claim. The Court of Appeals then remanded the case to the trial court so that the question of breach of the *Beck* covenant could be sent to the jury. All this is an appropriate handling of the trial court's ruling.

In the last sentence of its opinion, however, the Court of Appeals states: "If lack of good faith is found on remand, consideration of punitive damages ... will be appropriate." 746 P.2d at 1197. While this statement is not part of the Court of Appeals' holding, the trial court may consider this dictum binding on remand. Specifically, the trial judge may feel compelled to permit the jury to award punitive damages if Gagon shows nothing more than a breach of the *Beck* covenant of good faith. To do so would be error under *Beck*. Therefore, I think it important to state that this possibly casual remark by the Court of Appeals should not be considered an accurate or binding statement of the law on the availability of punitive damages.

In *Beck*, we were very careful to make it plain that a claim for an insurer's breach of its implied covenant to act in good faith toward its insured did not, alone, give rise to a cause of action in tort; rather, the cause of action was one in contract. While consequential damages for breach of the covenant would be available, tort damages, including punitive damages, would not. To recover punitive damages, a plaintiff would have to show all of the elements of a separate tort. *Beck*, 701 P.2d at 800–02 & n. 3. Accordingly, under *Beck*, a plaintiff is not entitled to put on evidence of punitive damages unless he or she can make out a sufficient case to go to the jury on an independent tort theory. *Id.*

DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.