**AMERICANS DISABLED FOR ACCESSIBLE PUBLIC TRANSPORTATION (ADAPT), SALT LAKE CHAPTER, on behalf of its members, and Barbara G. Toomer, Plaintiffs,**

v.

**SKYWEST AIRLINES, INC., and Salt Lake Airport Authority, Defendants.**

Civ. No. 90–C–0044–S.

United States District Court,
D. Utah, C.D.

April 17, 1991.

Brian M. Barnard, Utah Legal Clinic, Salt Lake City, Utah, Robert E. Richardson, Douglas L. Parker, Institute for Public Representation, Timothy M. Cook, The Nat. Disability Action Center, Washington, D.C., for plaintiffs.

Randall N. Skanchy, Michael Patrick O'Brien, Andrew H. Stone, Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, G. Rand Beacham, Jones, Waldo,

Holbrook & McDonough, St. George, Utah, for defendants.

## MODIFICATION OF JANUARY 28, 1991 ORDER AND MEMORANDUM DECISION SUPPORTING PARTIAL SUMMARY ADJUDICATION

SAM, District Judge.

This matter is before the court on the objection of defendant SkyWest Airlines, Inc. (SkyWest) to the magistrate's Report and Recommendation (R & R) which recommends denying SkyWest's motion for partial summary judgment. The court determined that oral argument was not necessary to resolve the issues briefed and, accordingly, exercised its discretion pursuant to Local Rule 5(g) to decide the matter on the pleadings. An order granting summary judgment for SkyWest was entered on January 28, 1991. This memorandum decision supplements and modifies that order.

## I. BACKGROUND

On June 9, 1989, plaintiff Barbara Toomer, a disabled person confined to a wheelchair, was refused permission to board a SkyWest flight from Salt Lake to Boise where she was to give a speech that morning in connection with her responsibilities as the Executive Director of the Salt Lake Citizens' Congress. Amended Complaint at 6–7. SkyWest claims it refused Ms. Toomer permission to board based on its policy that persons confined to wheelchairs must travel with an attendant capable of rendering assistance during flight. Answer p. 5, para. 23.

In January of 1990, plaintiff Americans Disabled for Accessible Public Transportation and Barbara Toomer filed a multiple-count complaint against SkyWest as the result of SkyWest's refusal to allow Ms. Toomer to board the flight. The separate counts contained in plaintiffs' complaint allege the following: (1) violation of Ms. Toomer's civil rights under the Air Carrier Access Act (ACAA), 49 U.S.C. § 1374(c)(1) (Count I); (2) violation of Ms. Toomer's civil rights under section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794 (Count II); (3) violation of pendent state law claims for breach of contract (Count III); and (4) violation of pendent state law claims for negligence (Count IV).

On or about March 9, 1990, SkyWest filed a motion for partial summary judgment seeking dismissal of plaintiffs' claims based on the Rehabilitation Act; the claims for punitive and emotional distress damages insofar as they relate to the ACAA, Rehabilitation Act, and breach of contract claims; and the request for injunctive and declaratory relief.

On April 24, 1990, the magistrate heard oral argument on SkyWest's motion for partial summary judgment and plaintiffs' motion to amend the complaint. At the hearing, the magistrate granted plaintiffs' motion for leave to file an amended complaint and treated SkyWest's motion for partial summary judgment as against the amended complaint. R & R at 3. Plaintiffs' amended complaint included the additional fact that SkyWest refused to permit Ms. Toomer to make a reservation on a flight from Salt Lake to Vernal that was scheduled to depart April 6, 1990.

## II. DISCUSSION

### A. The Rehabilitation Act Claim

SkyWest seeks dismissal of plaintiffs' Rehabilitation Act claim on the basis that the statute only applies to "programs or activities" receiving federal financial assistance. Defendant's Memorandum in Support of Motion at 12–17. Since SkyWest's Boise flight is not part of a program or activity receiving a federal subsidy, SkyWest argues that plaintiffs fail to state a claim under the Rehabilitation Act. *Id.*

SkyWest receives a federal subsidy under the Essential Air Service Program, 49 U.S.C. § 1389, for a limited number of flights to small communities, including the Salt Lake to Vernal flight. *Id.* at 16. For that reason, the magistrate concluded that plaintiffs stated a cause of action under the Rehabilitation Act and denied SkyWest's motion for partial summary judgment. The R & R does not make clear whether the magistrate concluded the Rehabilitation Act applied only to the Salt Lake to Vernal

flight or to the Boise flight as well. The magistrate also recommended that summary judgment could not be granted on part of a claim.

SkyWest does not object to the magistrate's decision insofar as it relates to the circumstances surrounding the Vernal flight. SkyWest's Objection at 16–17. Rather, SkyWest objects to the R & R because its adoption without clarification could permit plaintiffs to maintain a Rehabilitation Act claim against SkyWest for refusing Ms. Toomer access to the Boise flight. *Id.* SkyWest maintains that plaintiffs cannot recover under the Rehabilitation Act based on the circumstances surrounding the Boise flight because that flight is not part of a program or activity receiving federal financial assistance. *Id.*

In opposition to SkyWest's objections, plaintiffs assert that summary judgment cannot be entered on part of a single claim; hence, it would be inappropriate to dismiss the portion of their Rehabilitation Act claim relating to the Boise flight. Plaintiffs' alternative position is that material facts remain as to whether SkyWest receives federal financial assistance for purposes of the Rehabilitation Act through its operations and use of the Salt Lake Airport. Plaintiffs' Response to SkyWest's Objection at 3.

### 1. *Summary judgment on portions of claims*

 Rule 56(b) of the Federal Rules of Civil Procedure provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to *all or any part thereof.*" (emphasis added). Some courts have concluded that Rule 56 of the Federal Rules of Civil Procedure permits judgment on a portion of a single claim. The courts embracing this view find support in the language of Rule 56.[1] Noting that "[t]he Federal Rules of Civil Pro-

cedure provide that a party seeking to recover upon a claim may be awarded summary judgment, 'upon all or any part thereof'," one federal district court concluded that "[t]he award of summary judgment on a portion of a claim is clearly covered by the words of Rule 56(a)." *Blackford v. Action Products Co. Inc.,* 92 F.R.D. 79, 79–80 (W.D.Mo.1981).

It is that interpretation which persuaded the court to grant partial summary judgment in its January 28, 1991 Order. However, since that time, the court has conducted further inquiry into the propriety of granting summary judgment on portions of a single claim. The court, having given thoughtful consideration to that issue, now concludes that partial summary judgment is inappropriate, but that a partial summary adjudication is in order.

Rule 54 of the Federal Rules of Civil Procedure provides that "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." Therefore, if a court grants partial summary "judgment" on a portion of a single claim, the effect may be to make such judgment appealable.

Rule 56(d) of the Federal Rules of Civil Procedure provides district courts the discretion to narrow issues for trial without issuing an appealable judgment:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further pro-

---

**1.** *Lies v. Farrell Lines, Inc.,* 641 F.2d 765 (9th Cir.1981); *Wright v. Credit Bureau of Ga., Inc.,* 548 F.Supp. 591 (N.D.Ga.1982); *Patton v. Aetna Ins. Co.,* 595 F.Supp. 533 (N.D.Miss.1984); *State*

*Farm Fire and Casualty v. Geary,* 699 F.Supp. 756 (N.D.Cal.1987); *DiSandro v. Makahuena Corp.,* 588 F.Supp. 889 (D.Haw.1984).

ceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

A helpful explanation of the distinction between "summary judgment" and "partial summary adjudication" is contained in 10A Wright, Miller & Kane, Federal Practice and Procedure; Civil 2d § 2737:

> Because Rule 56(d) is part of the rule entitled "Summary Judgment," the order prescribed by the rule has been referred to as a "partial summary judgment." This characterization has been the source of considerable confusion about the nature of the order issued under Rule 56(d), particularly with regard to its binding effect and appealability.... By its terms, Rule 56(d) involves an adjudication of less than the entire action, and consequently does not purport to authorize a final and appealable judgment.

(citations omitted). Another commentator states:

> It is clear that Rule 56 authorizes a summary adjudication that will often fall far short of a final adjudication, even of a single claim; and that the term "partial summary judgment" as applied to an interlocutory summary adjudication is often a misnomer. Certainly, while Rule 56 "contemplates a summary judgment for part or all of the claim made in the prayer of the claimant," it "does not contemplate summary judgments on evidentiary matters en route to that goal."
>
> . . . .
>
> Or, as some courts have put it, Rule 56 does not contemplate a summary judgment for any portion of a claim less than the whole.

6—Pt. 2 Moore's Federal Practice ¶ 56.20[3.—2] (citations and emphasis omitted).

In light of the foregoing analysis, the court modifies its January 28 Order to grant "partial summary adjudication" of the matters set forth therein.[2] The court concludes that allowing summary adjudication of portions of plaintiffs' claims would expedite the litigation process by ferreting out irrelevant claims. For example, if the Boise flight is not a recipient of federal funds, partial summary adjudication on the Rehabilitation Act claim is not only appropriate, but desirable to avoid the expense and effort of needless discovery and waste of judicial resources.[3]

### 2. *Applicability of Rehabilitation Act to Boise flight*

In a single claim, plaintiffs assert that SkyWest violated the Rehabilitation Act by refusing Ms. Toomer permission to board its flight from Salt Lake to Boise *and* by refusing Ms. Toomer's request for a reservation on the Salt Lake to Vernal flight. Neither party disputes that the Rehabilitation Act applies only to programs or activities receiving federal financial assistance. 29 U.S.C. § 794(b). *See also Grove City College v. Bell*, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984); *Chaplin v. Consol. Edison Co. of New York*, 628 F.Supp. 143 (S.D.N.Y.1986).

SkyWest's Vernal flight is part of the essential air service program receiving federal financial assistance, and the magistrate correctly concluded that plaintiffs must state a cause of action under the Rehabilitation Act with respect to the Salt Lake to Vernal flight. R & R at 4. However, the magistrate's recommendation with respect to the Boise flight is ambiguous.

In *Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202 (9th Cir.1984), a handicapped plaintiff sued Delta Airlines challenging Delta's policy requiring handicapped per-

---

**2.** The effect of a partial summary adjudication is to narrow the issues for trial. It is interlocutory in nature and the court has the discretion and authority to alter its determination at any time prior to trial. A partial summary adjudication is not final, nor does it have any res judicata effect.

**3.** Likewise, the availability of punitive damages, emotional distress damages and injunctive relief affects the entire discovery process as well as trial strategy. By deciding at this juncture whether such relief is even available, the parties' ability to intelligently present their positions in settlement efforts is enhanced.

sons to sign a medical release form. The plaintiff based her claim on the Rehabilitation Act, arguing that because Delta received federal financial assistance for providing air service to small communities, all other flights were subject to the Rehabilitation Act as well. The Ninth Circuit affirmed the district court's grant of summary judgment dismissing plaintiff's claim. *Id.* at 1211. The *Jacobson* court held that Delta's receipt of federal financial assistance "at most subjects only the small community service program to the civil rights laws." *Id.* at 1210–11.

SkyWest's Boise flight is not part of the essential air service program, and the flight does not receive federal financial assistance. On the basis of those undisputed facts, the court concludes that plaintiffs' claim alleging SkyWest's violation of the Rehabilitation Act for refusing Ms. Toomer permission to board the Boise flight does not state a cause of action.

■ Plaintiffs alternatively suggest that SkyWest indirectly receives federal financial assistance making it subject to the Rehabilitation Act by leasing from Salt Lake International Airport property that has been improved, purchased, or maintained with federal funds. Plaintiff's Memorandum in Opposition to SkyWest's Motion at 14. However, the United States Supreme Court has unequivocally held that commercial airlines cannot be subject to Rehabilitation Act claims simply because airport operators receive federal financial assistance and commercial airlines benefit from that assistance. *United States Dep't of Transp. v. Paralyzed Veterans of America*, 477 U.S. 597, 106 S.Ct. 2705, 91 L.Ed.2d 494 (1986).

Accordingly, this court concludes that plaintiffs cannot sustain a Rehabilitation Act claim arising out of SkyWest's refusal to allow Ms. Toomer to board the Salt Lake to Boise flight.

### B. Emotional Distress and Punitive Damages

SkyWest's motion for partial summary judgment seeks dismissal of plaintiffs' claims for emotional distress and punitive damages insofar as they relate to plaintiffs' claims for violation of the Rehabilitation Act, breach of contract, and violation of the Air Carrier Access Act (ACAA). SkyWest contends that such damage awards are legally unavailable under both federal acts and the breach of contract claim.

### 1. *The Rehabilitation Act*

■ Punitive damages are clearly unavailable in an action based on Section 504 of the Rehabilitation Act. *Martin v. Cardinal Glennon Memorial Hosp. for Children*, 599 F.Supp. 284, 284 (E.D.Mo.1984); *Gelman v. Department of Education*, 544 F.Supp. 651, 653–54 (D.Colo.1982).

Damages for emotional distress or mental anguish are likewise unavailable under the Rehabilitation Act. *Martin v. Cardinal Glennon Memorial Hosp. for Children*, 599 F.Supp. 284, 284 (E.D.Mo.1984); *Marshburn v. Postmaster General*, 678 F.Supp. 1182, 1184–85 (D.Md.1988), *aff'd*, 861 F.2d 265 (4th Cir.1988) (no damages for pain and suffering under Rehabilitation Act); *Shuttleworth v. Broward County*, 649 F.Supp. 35, 38 (S.D.Fla.1986) (no damages for mental suffering or humiliation).

Congress, in passing the Rehabilitation Act, intended other remedial measures for enforcement of the Act. In addition, the purposes behind the Act are better served by not permitting emotional distress damages. *Tallarico v. TWA, Inc.*, 881 F.2d 566, 570 (8th Cir.1989); *Shuttleworth v. Broward County*, 649 F.Supp. 35, 38 (S.D. Fla.1986). The court grants a partial summary adjudication for SkyWest as to the unavailability of such damages for Rehabilitation Act claims.

### 2. *Breach of contract*

■ In its motion for summary judgment, SkyWest also asks that plaintiffs' claim for emotional distress and punitive damages be dismissed with respect to the breach of contract allegation. Punitive damages are not available for breach of contract alone but may be recovered for a breach constituting an independent tort. Restatement (Second) of Contracts § 355 (1981); *see also* 5 Corbin *Contracts* § 1077

(1964); 11 Williston Contracts § 1340 (3rd ed. 1968).

Utah follows this rule of the Restatement and allows recovery only for an independent tort. *Gagon v. State Farm Mut. Auto. Ins. Co.*, 771 P.2d 325, 325 (Utah 1988); *General Business Machines v. National Semiconductor Datachecker/DTS*, 664 F.Supp. 1422, 1425 (D. Utah 1987) (J. Greene); *Highland Const. Co. v. Union Pacific R. Co.*, 683 P.2d 1042, 1049 (Utah 1984); *Cook Assocs., Inc. v. Warnick*, 664 P.2d 1161, 1167 (Utah 1983); *Jorgensen v. John Clay and Co.*, 660 P.2d 229, 232–33 (Utah 1983). Plaintiffs have pled the independent tort of negligence. Therefore, if punitive damages are appropriate, they will be available to plaintiffs under the independent tort claim, but not the breach of contract claim.

■ With respect to damages for emotional and mental distress, the traditional rule is that there is no recovery of damages for mental anguish stemming from a breach of contract. *Meech v. Hillhaven West, Inc.*, 238 Mont. 21, 776 P.2d 488, 505 (1989); *Suitts v. First Sec. Bank of Idaho*, 110 Idaho 15, 713 P.2d 1374, 1377 (1985). The Utah Supreme Court has held that these types of damages might be provable and recoverable, but only in unusual cases. *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 802 (Utah 1985). *Beck*, however, is limited to breach of first party insurance contract cases. The Utah Supreme Court has not held that damages for emotional distress may be recoverable in other kinds of breach of contract cases. The court declines to extend *Beck* to the instant case.

### 3. *ACAA*

■ SkyWest includes in its summary judgment motion a request that punitive and emotional distress damages be dismissed insofar as they relate to plaintiffs' claim for violation of the ACAA. SkyWest asserts that the ACAA was enacted for the purpose of making the provisions of the Rehabilitation Act applicable to all air carriers regardless of whether such carriers receive direct financial assistance. Defendant's Memorandum in Support of Motion at 20. Consequently, SkyWest argues, the ACAA is *in pari materia* with the Rehabilitation Act. *Id.* at 19. When statutes are *in pari materia* they should be construed together for purposes of giving effect to the legislative intention. *Id.* Therefore, SkyWest concludes, since punitive and emotional distress damages are unavailable for violation of the Rehabilitation Act, they are also unavailable for violation of the ACAA.

In response, plaintiffs allege that punitive and emotional distress damages *are* available under the Eighth Circuit's analysis in *Tallarico v. TWA, Inc.*, 881 F.2d 566 (8th Cir.1989). In concluding that emotional distress damages are available under the ACAA, the *Tallarico* court recognized that federal courts, up to this point, have not allowed recovery of emotional distress damages for violation of the Rehabilitation Act. *Id.* at 570. The court, however, distinguished the ACAA from the Rehabilitation Act by explaining that Congress provided a complete remedial scheme for violations of the Rehabilitation Act while they did not provide a remedial scheme at all for violations of the ACAA. Where Congress provides a complete remedial scheme for violation of a statute, the court reasoned, it is usually evidence that no other remedies exist. The *Tallarico* court limited its holding, however, to damages for emotional distress, refusing to address the question of the availability of punitive damages under the ACAA. *Id.* at 572.

*Tallarico* was recently criticized as creating remedies under the ACAA without evidence of congressional intent. In *Shinault v. American Airlines, Inc.*, 738 F.Supp. 193, 197 (S.D.Miss.1990), the court declined to recognize a claim for punitive or emotional distress damages under the ACAA:

It is clear from the legislative history that the ACAA was promulgated in response to the decision of the Supreme Court in *Paralyzed Veterans* which declined to extend coverage under the Rehabilitation Act to private air carriers. It is therefore difficult to imagine that Congress intended to provide remedies of a different nature under the ACAA than

are recoverable under section 504 of the Rehabilitation Act. The Rehabilitation Act is, in turn, enforced through Title VI. 29 U.S.C. § 794(a).

The court declines to follow *Tallarico* and concludes that, because the ACAA is *in pari materia* with the Rehabilitation Act, it follows that Congress intended to exclude the same remedies for both acts. Plaintiffs' claims for punitive and emotional distress damages for alleged violations of the ACAA are dismissed.

C. Injunctive and Declaratory Relief

■ Included in SkyWest's motion for partial summary judgment is a request for dismissal of plaintiffs' plea for injunctive and declaratory relief. SkyWest contends that injunctive relief is unnecessary and inappropriate in light of new Department of Transportation (DOT) regulations implementing the ACAA. Defendant's Memorandum in Support of Motion at 5–11. SkyWest further argues that injunctive relief fashioned by the court may contradict and usurp DOT's regulations in addition to causing undue injury to SkyWest. *Id.* The magistrate rejected SkyWest's position, concluding that injunctive relief may be appropriate to ensure air carrier compliance with the federal regulations. R & R at 7. Included in the R & R is a list of requirements an air carrier must fulfill in order to comply with DOT regulations. Compliance with the regulations would afford plaintiffs all relief requested in their prayer for injunctive relief. Therefore, injunctive relief would be duplicitous and unnecessary. Accordingly, the court grants partial summary adjudication for SkyWest on the prayer for injunctive relief.

IT IS SO ORDERED.