Dean AHONEN, Plaintiff,

v.

**Anthony M. FRANK, Postmaster General, United States Postal Service, Defendant.**

No. 90–C–205.

United States District Court, E.D. Wisconsin.

July 24, 1991.

Dennis J. Weden, Milwaukee, Wis., for plaintiff.

John E. Fryatt, U.S. Atty. by Mel S. Johnson, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Presently before the court is the defendant's "Motion To Try The Case To The Court," filed on July 19, 1991. In the underlying action, the plaintiff, Dean Ahonen, alleges handicap and reprisal discrimination in violation of 29 U.S.C. § 701, *et seq.* The defendant in this action is Anthony M. Frank, in his official capacity as the Postmaster General of the United States Postal Service. Hence, the action is in reality one against the United States. In his complaint, filed on February 27, 1990, the plaintiff demands a jury trial. Accordingly, the defendant's motion will be treated as a motion to strike the plaintiff's jury demand. The defendant objects to the plaintiff's request for a trial by jury on the ground that there is no such right in an employment discrimination suit against a federal agency. The court will grant the defendant's motion.

The seventh amendment right to trial by jury does not exist in all actions brought against the federal government. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). In *Lehman,* the Supreme Court held that the United States is immune from suit except where it has expressly consented to be sued, and the terms of its consent define a court's jurisdiction to entertain the suit. 453 U.S. at 160, 101 S.Ct. at 2701. Thus, where the United States has waived its immunity, a plaintiff only has a right to trial by jury where that right is unequivocally granted by statute.

Although the United States has waived its right to immunity from suit in connection with employment discrimination claims brought pursuant to 29 U.S.C. § 794a, that section is silent as to a plaintiff's right to a jury trial. Further, 29 U.S.C. § 794a, which deems the procedures in 42 U.S.C. § 2000e–5(f) through (k) applicable to handicap discrimination cases, is silent on the jury trial entitlement. Because neither statute affirmatively and unambiguously provides for trial by jury, under the principle established in *Lehman*, Mr. Ahonen is not entitled to trial by jury.

Therefore, IT IS ORDERED that the defendant's motion to try the case to the court, treated as a motion to strike the plaintiff's jury demand, be and hereby is granted.