Lewis "Toby" TYLER, Plaintiff,

v.

CITY OF MANHATTAN, Defendant.

Civ. A. No. 93–4030–DES.

United States District Court,
D. Kansas.

April 20, 1994.

Larry J. Leatherman, Palmer & Lowry, Topeka, KS, for plaintiff.

James S. Pigg, Kurt A. Level, Fisher, Patterson, Sayler & Smith, Topeka, KS, William L. Frost, Morrison, Frost and Olsen, Manhattan, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

In the course of preparing this case for trial, the court has determined on its own motion that the pretrial order in this case should be amended pursuant to Fed.R.Civ.P. 16(e) and 39(a)(2).

Plaintiff Lewis "Toby" Tyler ("Tyler") seeks declaratory, injunctive, and monetary relief against the City of Manhattan ("City") under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Count I of his complaint claims that the City has violated the ADA by failing to complete an acceptable self-evaluation as required by 28 C.F.R. § 35.105 and by failing to adopt an acceptable transition plan as required by 28 C.F.R. § 35.150(d).[1] Count II alleges that the City has subjected plaintiff to discrimination by failing to carry out its obligations to permit him to participate equally in its services, activities, and programs, in particular its recreational programs, city council meetings, and advisory board activities.[2]

■ Under the pretrial order, plaintiff's claims of discrimination under Count II would be tried to a jury. In addition, plaintiff claims $50,000 in compensatory damages for "[m]ental anguish and humiliation, embarrassment and denial of his right of participation."[3] The court has concluded, however, that the ADA does not provide plaintiff a right to a jury trial or to his claimed compensatory damages on Count II.

Title II of the ADA incorporates the remedial provision of Section 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a. See 42 U.S.C. § 12133.[4] Cases interpreting § 505 have consistently held that it does not provide a right to trial by jury. See Smith v. Barton, 914 F.2d 1330, 1336 (9th Cir.1990), cert. denied, 501 U.S. 1217, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991); Doe v. Region 13 Mental Health–Mental Retardation Comm., 704 F.2d 1402, 1407 n. 3 (5th Cir.), reh'g en banc denied, 709 F.2d 712 (5th Cir.1983); Rivera Flores v. Puerto Rico Telephone Co., 776 F.Supp. 61, 71 (D. Puerto Rico 1991); Jenkins v. Skinner, 771 F.Supp. 133, 135–36 (E.D.Va.1991); Ahonen v. Frank, 769 F.Supp. 298, 299 (E.D.Wis.1991); Shuttleworth v. Broward Co., 639 F.Supp. 654, 661

---

1. The plaintiff claims injunctive relief to redress his claim in Count I, which will be tried to the court under the pretrial order.

2. The court previously granted summary judgment in favor of the defendant on Count III of the plaintiff's claim. See Tyler v. City of Manhattan, 849 F.Supp. 1429, 1441–42 (D.Kan.1994).

3. The court notes that the claim for damages encompasses "denial of [plaintiff's] right of participation." The court reads this phrase in the context of the specific facts alleged in the pretrial order, and assumes that plaintiff's claim for compensatory damages may be categorized as one for emotional distress as a result of being denied the opportunity to participate in City programs, services, and activities.

4. The enforcement section of Title II reads as follows:

The remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this Title.

42 U.S.C. § 12133.

(S.D.Fla.1986). *But cf. Cortes v. Board of Governors*, 766 F.Supp. 623, 626 (N.D.Ill. 1991) (plaintiff seeking compensatory damages as well as equitable relief for intentional discrimination entitled to jury trial under Seventh Amendment). If the judicially implied cause of action under § 505 precludes a right to a jury trial, the ADA does so as well by incorporating the remedies available under § 505.

Similarly, the majority of courts addressing the specific question of whether a plaintiff may recover money damages for mental anguish, emotional distress, and humiliation, have held that such compensatory relief is not available under § 505. *See Rivera Flores v. Puerto Rico Telephone Co.*, 776 F.Supp. 61, 71 (D. Puerto Rico 1991) (mental suffering); *Jenkins v. Skinner*, 771 F.Supp. 133, 136 (E.D.Va.1991); *ADAPT, Salt Lake Chapter v. Skywest Airlines, Inc.*, 762 F.Supp. 320, 325 (D. Utah 1991) (emotional distress or mental anguish); *Rhodes v. Charter Hosp.*, 730 F.Supp. 1383, 1385–86 (S.D.Miss.1989) (emotional distress); *Shuttleworth v. Broward Co.*, 649 F.Supp. 35, 36–38 (S.D.Fla.1986) (mental suffering or humiliation); *Martin v. Cardinal Glennon Memorial Hosp. for Children*, 599 F.Supp. 284, 284 (E.D.Mo.1984) (mental anxiety and humiliation); *Bradford v. Iron Co. C-4 School District*, 1984 WL 1443, 36 Fair Emp.Prac. Cases (BNA) 1926, 37 Empl.Prac.Dec. (CCH) ¶ 35,404 (E.D.Mo. June 13, 1984) (emotional distress). *But cf. Tanberg v. Weld Co. Sheriff*, 787 F.Supp. 970, 972–73 (D.Colo.1992) (compensatory damages for alleged loss of professional opportunity, mental anguish, and pain and suffering are available and appropriate remedy for claimed *intentional* violation of § 505).[5]

The court acknowledges the recent decision of the United States Supreme Court in *Franklin v. Gwinnett Co. Public Schools*, — U.S. —, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). *Franklin* was a Title IX case brought by a high school student alleging gender-based discrimination in connection with alleged sexual harassment and sexual abuse by a coach-teacher. The Supreme Court held that compensatory damages were available to the plaintiff, citing the "general rule ... that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute," even if the cause of action is judicially implied. *Id.* at 1035. The *Franklin* Court went on to hold that money damages were an appropriate remedy to redress the plaintiff's Title IX claim, since the discriminatory treatment was allegedly intentional. In reaching that conclusion, the Court noted that equitable remedies were clearly inadequate in that case because the plaintiff no longer attended the school in question, and the perpetrator of the discriminatory treatment no longer taught at the school. *Id.* at 1038.

We recognize that at least one other district court in this circuit has relied upon *Franklin* in concluding that compensatory damages are available to redress discrimination in a § 505 case. *See Tanberg v. Weld Co. Sheriff*, 787 F.Supp. 970, 972–73 (D.Colo. 1992).[6] We note, however, that *Tanberg* involved a claim of intentional discrimination, *see id.* at 973, while plaintiff's claim in the instant case does not. Further, *Tanberg* specifically determined that compensatory damages were an "appropriate" remedy in that case, which involved the termination of a voluntary reserve deputy sheriff on the basis that he tested HIV-positive, since reinstatement was not considered a feasible option because of plaintiff's deteriorating physical condition. In the case before this court, the kinds of violations alleged by the plaintiff in Count II can best be remedied by injunctive relief ordering the City to comply with the detailed regulations implementing Title II that were specifically intended to direct compliance by public entities. Therefore, in the absence of Tenth Circuit authority, we decline to read *Franklin* so broadly as to entitle the plaintiff in this particular case to an award of compensatory damages for emotional distress, mental anguish, and humiliation, especially in light of the weight of authority

---

5. The court notes that the plaintiff does not claim, either in his complaint nor in the pretrial order, that the alleged discriminatory treatment by the City was intentional in nature.

6. *See also Miller v. Spicer*, 822 F.Supp. 158, 166–68 (D.Del.1993).

holding that such damages are not an available remedy under § 505.

The court is also aware that the Civil Rights Act of 1991 amended 29 U.S.C. § 794a(a)(1) to provide a right to compensatory damages and a trial by jury for certain ADA violations. *See* 42 U.S.C. § 1981a(a)(2)–(3), (c). However, the Civil Rights Act of 1991 amended only those portions of the ADA that prohibit discrimination in employment. The plaintiff's claims in this case have nothing to do with employment. Therefore, the Civil Rights Act of 1991 does not entitle plaintiff to compensatory damages or to a jury trial in this case.

The court will allow plaintiff, if he so desires, to seek declaratory and injunctive relief with regard to Count II in lieu of his claim for compensatory damages for emotional distress.

**IT IS BY THE COURT THEREFORE ORDERED** that the pretrial order is hereby amended (1) to provide that Count II will be tried to the court, and (2) to omit plaintiff's claimed relief on Count II in the form of compensatory damages for mental anguish, humiliation, embarrassment, and denial of his right of participation.