**Jo–Ann MARSHBURN, Plaintiff,**

v.

**The POSTMASTER GENERAL OF the UNITED STATES, Defendant.**

Civ. A. No. Y–87–794.

United States District Court,
D. Maryland.

Feb. 11, 1988.

Jo–Ann Marshburn, pro se.

Breckinridge L. Willcox, U.S. Atty. for the State of Md., Baltimore, Maryland, and Veronica M. Clarke, Esq., Assistant United States Attorney, Baltimore, Maryland. Of counsel—Michael Propst, Esq., Philadelphia, Pennsylvania.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

On December 3, 1986, *pro se* plaintiff Jo–Ann Marshburn sued Preston R. Tisch, the Postmaster General of the United States, in the United States District Court for the District of Columbia, claiming that her employer, the United States Postal Service, had discriminated against her based on race, sex, and handicap; improperly suspended her because of employment injuries to her wrist, back, and hearing; failed to file timely workers' compensation claims for those injuries; and infringed on her copyright of her painting "The Flight of the Eagle." She asked for relief of fifty million dollars for pain and suffering, medical expenses, lost time resulting from her employment injuries, and copyright infringement, plus court costs. On March 30, 1987, the District of Columbia transferred Marshburn's suit to this Court to satisfy the venue requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*.

Currently before the Court is the government's motion to dismiss. The government contends that Marshburn's poorly written complaint fails to provide it with "fair notice" of the claims she intends to bring in violation of Fed.R.Civ.P. 8(a)(2). *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 1725 n. 3, 80 L.Ed.2d 196 (1984). Regarding Marshburn's Title VII and Rehabilitation Act claims, the government argues that she has named the wrong defendant, failed to exhaust her administrative remedies, and asked for compensatory damages which are not allowed by these statutes. Finally, the government maintains that this Court lacks jurisdiction to consider Marshburn's copyright infringement claim.

In *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978), the Fourth Circuit provided:

[D]istrict courts must be especially solicitous of civil rights plaintiffs.... This solicitude for a civil rights plaintiff with counsel must be heightened when a civil rights plaintiff appears *pro se.* In the great run of *pro se* cases, the issues are faintly articulated and often only dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done. So although the Court of Appeals cannot mean that it expects the district courts to assume the role of advocate for the *pro se* plaintiff, ... the district court must examine the *pro se* complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations. Accordingly, the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed.

*Id.* at 1151 (quoting *Canty v. City of Richmond, Va. Police Dept.,* 383 F.Supp. 1396, 1399–1400 (E.D.Va.1974), *aff'd,* 526 F.2d 587 (4th Cir.1975), *cert. denied,* 423 U.S. 1062, 96 S.Ct. 802, 46 L.Ed.2d 654 (1976)). The Fourth Circuit's desire that district courts be especially solicitous of *pro se* civil rights plaintiffs, despite their inartful pleadings, is consistent with Fed.R.Civ.P. 8(f), which provides: "All pleadings shall be so construed as to do substantial justice."

Although Marshburn's complaint and subsequent pleadings often defy understanding, they do allege that the Postal Service has practiced employment discrimination in violation of Title VII and the Rehabilitation Act, improperly suspended her for her employment injuries, failed to file her workers' compensation claims in a timely fashion, and infringed on her art copyright. Thus, the Court will not dismiss her suit based on the technical pleading requirements of Fed.R.Civ.P. 8.

■ Marshburn's complaint names as defendant Preston R. Tisch, who became Postmaster General of the United States after the alleged unlawful acts of employment discrimination occurred. The proper defendant in this action is the Postmaster General of the United States. 42 U.S.C. § 2000e–16(c). Accordingly, the Court substitutes the Postmaster General of the United States as defendant in this suit pursuant to Fed.R.Civ.P. 15. *See also Royall v. USPS,* 624 F.Supp. 211, 215 (E.D.N.Y. 1985) (courts may substitute defendants in a *pro se* action after the time limitation of Fed.R.Civ.P. 15 has expired).

■ Marshburn alleges that she has filed roughly twenty claims with the Equal Employment Opportunity Commission ("EEOC"). However, her pleadings only provide one final EEOC decision, dated November 18, 1986, for EEOC case number 2–1–0672–6.[1] A Title VII claimant must exhaust her administrative remedies before filing a civil action. 42 U.S.C. § 2000e–16(c). The Rehabilitation Act adopts this exhaustion requirement of Title VII. 29 U.S.C. § 794a(a)(1). Accordingly, the Court dismisses Marshburn's employment discrimination claims which have not received final agency action.

■ In her one employment discrimination claim which has been accorded final agency action, Marshburn seeks damages for pain and suffering. However, Title VII and the Rehabilitation Act do not provide for compensatory damages for pain and suffering.[2] *See* 42 U.S.C. § 2000e–5(g); 29

---

1. The EEOC in this case found no evidence of employment discrimination and instructed Marshburn that she had thirty days to file a civil action in federal district court. Marshburn filed this civil suit in a timely fashion on December 3, 1986.

2. In her complaint's prayer for relief, Marshburn does refer to lost time, which may interpreted as back pay. Back pay is one possible remedy under Title VII, 42 U.S.C. § 2000e–5(g), and the Rehabilitation Act, 29 U.S.C. § 794a(a)(1). However, Marshburn connects

U.S.C. § 794a(a)(1); *see also Helwig v. Suburban Chevrolet, Inc.*, 33 Fair Empl.Prac. Cas. (BNA) 1261, 1265 (D.Md.1983) [Available on WESTLAW, 1983 WL 539]. Thus, the Court dismisses this remaining employment discrimination claim.

Marshburn also alleges that the Postal Service improperly suspended her for her employment injuries and failed to file her workers' compensation claims in a timely fashion. This Court does not have jurisdiction to consider the alleged improper suspensions because they do not constitute a cognizable civil rights claim. Furthermore, the federal workers' compensation act does not obligate the Postal Service to process Marshburn's claims. 5 U.S.C. § 8121. Accordingly, the Court dismisses these claims.

Finally, Marshburn claims that the Postal Service infringed on her copyright of her painting "The Flight of the Eagle." The United States Claims Court has exclusive jurisdiction over copyright infringement claims. 28 U.S.C. § 1498(b). Thus, the Court must also dismiss this claim.

Having addressed and dismissed Marshburn's numerous claims, the Court enters judgment in favor of defendant.

lost time with her employment injuries and not with any employment discrimination.