WILLA M. TOWNSEND, Plaintiff v. BOARD OF EDUCATION OF ROBESON
COUNTY, et al Defendants

No. COA94-758

(Filed 21 March 1995)

## Negligence § 6 (NCI4th)— determination of class rank—plaintiff not named valedictorian—no negligent infliction of emotional distress

The trial court properly granted summary judgment for defendant board of education in plaintiff's action for negligent infliction of emotional distress based on the fact that she was not named class valedictorian because of defendant's ranking system, since the undisputed facts did not allow a reasonable conclusion that defendant's conduct in determining class rank at plaintiff's high school was in any manner negligent.

**Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 1-3.**

**Modern status of intentional infliction of mental distress as independent tort. 38 ALR4th 998.**

Appeal by plaintiff from order entered 21 March 1994 by Judge Joe Freeman Britt in Robeson County Superior Court. Heard in the Court of Appeals 13 March 1995.

*The Lee Law Firm, P.A., by C. Leon Lee, II, for plaintiff-appellant.*

*Locklear, Jacobs, Sutton & Hunt, by Brian K. Brooks, for defendant-appellee.*

MARTIN, John C., Judge.

The pleadings and affidavits filed in this case provide the following undisputed facts: Plaintiff was a student at Fairmont High School in Robeson County during the school years of 1989-90 (plaintiff's junior year) and 1990-91 (plaintiff's senior year). Colon Lane, Jr., was appointed principal of the high school during the school year of 1990-1991. Due in part to difficulties with the school's computer system in 1989, Donald Bullock, the principal that year, decided that the school's honor students would be chosen by following a weighted yearly grade average formula. Under this formula, a student's grades

for the second semester of the year were projected forward, and the yearly average was determined as though those grades were actually achieved. Based on this formula, plaintiff was determined to be first in her junior class standing, and accordingly was chosen to be Chief Marshall for the 1989-90 class graduation ceremony.

Upon Mr. Lane's arrival at the school, he noted that the formula used to rank students during the 1989-90 academic year was in conflict with school board policy. The school board required that class ranking be determined by using a weighted semester grade average formula. Using this formula, plaintiff's ranking was changed, and at the start of the 1990-91 school year she was no longer first in her class.

On 10 September 1990 a meeting was held for all parents interested in the ranking process, and the top five students and their parents were notified by mail. At the meeting it was explained that for the purpose of choosing honor students for the 1990-91 school year, the grades achieved during the first semester of the year would be averaged with the grades achieved in each of the prior semesters of the student's high school career. An involved process was instituted, permitting two representatives from the Program Services Division of the Public Schools of Robeson County, as well as the students themselves, to compute their averages. The process was then repeated five times to ensure accuracy. As a result of this method, plaintiff finished fourth in her class and was not selected as valedictorian of her graduating class.

In September 1990 Sam Tedder, a guidance counselor at Fairmont, filled out a scholarship application on behalf of plaintiff wherein he designated her as first in her class. In his affidavit, Mr. Tedder explained that the ranking he assigned to plaintiff in the application was the result of his use of the yearly grade average formula. He further stated that the 1989-90 school year was the only time the yearly method had been used; that he was later informed by Mr. Lane that the semester average formula would be used from then on according to school board policy; that the administration of the ranking system for the school year of 1990-91 was fair to all students; and that he did not at any time advise plaintiff that she would serve as valedictorian of the 1990-91 class.

Plaintiff's parents appealed Mr. Lane's decision to use the semester average formula to the school board. Superintendent of the Public

Schools of Robeson County, William R. Johnson, informed them by letter that the process used to determine class ranking was fair, equitable, and in accordance with school board policy. Plaintiff's parents appealed Superintendent Johnson's administrative decision to the Board of Education which concluded that Mr. Lane used proper procedures in establishing class ranking.

Plaintiff filed a complaint against the Board of Education of Robeson County, alleging negligent infliction of emotional distress as well as violation of N.C. Gen. Stat. § 99D-1 (1992) and plaintiff's state and federal constitutional rights. By order dated 21 March 1994 the trial court granted defendants' motion for summary judgment finding that "there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law." Plaintiff appeals.

Plaintiff's sole argument on appeal is that the trial court erred in granting summary judgment in favor of defendants. In addressing a motion for summary judgment, the trial court is required to view the pleadings, affidavits and discovery materials available in the light most favorable to the non-moving party, to determine whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1990); *Dunleavy v. Yates Construction Co.*, 114 N.C. App. 196, 442 S.E.2d 53 (1994). An issue of fact is deemed material "if it would constitute or would irrevocably establish any material element of a claim or a defense." *Bone International, Inc. v. Brooks*, 304 N.C. 371, 375, 283 S.E.2d 518, 520 (1981). Summary judgment is proper where the moving party can establish that an essential element of the opposing party's claim does not exist, or that the opposing party cannot produce evidence to support an essential element. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992). In the case before us, an examination of the whole record fails to reveal any issue of material fact, and makes clear that plaintiff cannot provide support for an essential element of her claim. Accordingly, defendants are entitled to judgment as a matter of law.

To state a claim for negligent infliction of emotional distress, plaintiff is required to allege (1) negligent conduct on the part of defendants, (2) which defendants should have reasonably foreseen would cause plaintiff severe emotional distress, and (3) that the conduct did actually cause plaintiff to suffer severe emotional distress. *Andersen v. Baccus*, 335 N.C. 526, 439 S.E.2d 136 (1994). Plaintiff's allegation in the instant case must fail because the undisputed facts

in this case, even when viewed in a light most favorable to plaintiff, do not allow a reasonable conclusion that defendants' conduct was in any manner negligent.

The pleadings and affidavits presented to the trial court state that the method of computing class ranking as instituted in the 1990-91 school year was pursuant to the mandate of the school board, and had been used exclusively with the exception of the 1989-90 term. Plaintiff and her family were apprised of the change back to the semester method, and the procedure to be utilized was explained. There was no "recalculation" of plaintiff's grades alone, rather every student was subject to the same procedure for determining ranking. Plaintiff does not allege that the calculations were incorrect, or that the calculation procedure used for her was any different than that used to compute every other student's rankings. Nor does plaintiff allege that at any time she was specifically told that she would be chosen valedictorian of her class. The mere fact that plaintiff believed that she was going to be first in her class does not demonstrate negligence on the part of defendants simply because plaintiff failed to reach that goal.

Further, plaintiff has failed to demonstrate any genuine issue of material fact. Plaintiff presented three affidavits in support of her opposition of defendants' motion for summary judgment. Each affidavit contained exactly the same statement: "That the affidavit [of Colon Lane] does not truly and accurately represent the facts as there are numerous discrepancies with respect to the action taken by the Board and the matters informed to the persons in attendance at that meeting referenced in the Affidavit of Mr. Lane." Mere allegations of discrepancies without specific supporting facts do not demonstrate the existence of a genuine issue for trial. N.C. Gen. Stat. § 1A-1, Rule 56(e) (1990); *Amoco Oil Co. v. Griffin*, 78 N.C. App. 716, 338 S.E.2d 601, *disc. review denied*, 316 N.C. 374, 342 S.E.2d 889 (1986). Plaintiff offered nothing beyond the above statements, therefore we can find no error by the trial court in granting summary judgment in favor of defendants on this issue.

Plaintiff's allegation of violations of her civil rights stem from her contention that defendants "attempted to interfere with her right to be valedictorian of her senior class." As discussed above, the record indicates that plaintiff did not obtain the right to be valedictorian, and plaintiff offers nothing beyond bare assertions that defendants engaged in some conspiracy to keep her from attaining the position.

There is no merit to this argument and no error by the trial court in granting summary judgment on this issue.

For these reasons, we affirm the order of the trial court granting defendants' motion for summary judgment.

Affirmed.

Judges COZORT and WALKER concur.