**Mohammed S. QURAISHI, Plaintiff,**

v.

**Donna E. SHALALA[1] and the United States of America, Defendants.**

**No. PJM 96–1703.**

United States District Court,
D. Maryland.

April 29, 1997.

1. Plaintiff is advised that Secretary Shalala's middle initial is "E", not "H".

Glenn H. Carlson, Carlson & Cafferty, Washington, DC, for Plaintiff.

Allen F. Loucks, U.S. Attorney's Office, Baltimore, MD, for Defendant.

## OPINION

MESSITTE, District Judge.

### I.

Mohammed S. Quraishi sues Donna E. Shalala, Secretary of Health and Human Services (HHS) and the United States, alleging violations of his civil rights under the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. § 621 *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* Defendants have filed a Motion for Partial Dismissal. Having considered the Motion and Plaintiff's Opposition thereto, the Court will GRANT the Motion.

### II.

Quraishi, a Moslem male born in Pakistan who was at all relevant times over the age of 40, was employed by HHS at the National Institutes of Health in Bethesda, Maryland.

His Amended Complaint[2] sets out the following chronology of events. In 1991, Quraishi applied for the position of Chief of the Microbiology and Immunology Review Section (MRS) at NIH, but a younger, American–born, non–Moslem female who had not engaged in prior EEO activity was selected. Quraishi filed an administrative complaint alleging gender and age discrimination, and when the agency ruled against him, he appealed to the Office of Federal Operations of the Equal Employment Opportunity Commission, which affirmed the agency's decision.

In that same year, Quraishi responded to two other HHS vacancy announcements for Supervisory Health Scientist Positions, AI–91–075 and AI–91–076. HHS filled only one of the positions but in doing so selected an American–born, non–Moslem female with no prior EEO activity, who was younger than Quraishi. Quraishi filed a second complaint of illegal discrimination based on gender and age. There has been no decision on that complaint to date.

In 1993, HHS announced and Quraishi again applied for the Supervisory Health Scientist position for which no selection had been made in 1992.[3] Again, HHS filled the position with a younger, American–born, non–Moslem female with no prior EEO activity. At or about that time, it also advertised still another position, that of Supervisory Health Scientist Administrator, AIDS, GM–601–14/15, and filled that position with a younger, American–born, non–Moslem male with no known prior EEO activity. Apparently Quraishi filed no complaint of illegal discrimination as to these positions.

### III.

Secretary Shalala moves to dismiss Quraishi's claim of illegal discrimination based on national origin on the ground that he failed to include such a claim (as opposed to claims of age and gender discrimination) during the administrative phase of the case. The Unit-

2. The Amended Complaint misnumbers its paragraphs. In both the Original and Amended version, it skips from paragraph 13 to paragraph 18. Furthermore, it does not include a paragraph numbered 39.

3. The agency renamed the position Supervisory Health Science Administrator and changed the grade from a GM–601–15 to a GM–660–14/15.

ed States also moves that it be dismissed as a party because the only cognizable defendant is the Secretary of Health and Human Services in her official capacity.

### IV.

■ A motion to dismiss will be granted if there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). Although the complaint must be construed in the light most favorable to the plaintiff, *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir.1990), where a defect appears on the face of the complaint, dismissal is in order. Moreover, where it is clear that the complaint cannot be amended to remedy the defect, the dismissal will be with prejudice. *Id.*

### V.

■ The record shows that Quraishi made no allegation of national origin discrimination in his original administrative complaint or formal EEO complaint, complaining only that he had been discriminated against on the basis of sex and age and that he was retaliated against for having filed a prior discrimination complaint. His claim of national origin was raised for the first time at the prehearing conference at the EEOC when the administrative law judge apparently considered it along with Quraishi's other allegations of age and sex discrimination. To the extent the ALJ did so, the Court holds that he erred.

29 C.F.R. § 1614.109 provides: "[w]here the administrative judge determines that the complaint is raising or intends to pursue issues like or related to those raised in the complaint, but which the agency has not had an opportunity to address, the administrative judge shall remand any such issue for counseling in accordance with § 1614.105 . . . ."[4]

Since Quraishi's national origin claim had never been addressed by the agency, the ALJ was obliged to remand it for counseling in accordance with § 1614.105. Otherwise he was without jurisdiction to entertain the claim.

It is well settled that a plaintiff may not bring a discrimination suit in federal court to redress matters he has failed to raise in an administrative complaint. *Brown v. General Services Administration*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976); *United Air Lines v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *Zografov v. V.A. Medical Center*, 779 F.2d 967, 968–69 (4th Cir.1985); *Jensvold v. Shalala*, 829 F.Supp. 131, 135 (D.Md.1993); *Hicks v. Baltimore Gas & Electric Co.*, 829 F.Supp. 791, 794–95 (D.Md.1992), *aff'd* 998 F.2d 1009 (4th Cir.1993), *cert. denied,* 510 U.S. 1059, 114 S.Ct. 726, 126 L.Ed.2d 690 (1994). Prior to filing a civil action pursuant to Title VII, a claimant must exhaust administrative remedies. *Riley v. Technical and Management Servs. Corp*, 872 F.Supp. 1454, 1459 (D.Md.1995), *aff'd.* 79 F.3d 1141 (4th Cir.1996); *Marshburn v. Postmaster General*, 678 F.Supp. 1182, 1184 (D.Md.1988), *aff'd,* 861 F.2d 265 (4th Cir.1988). While a plaintiff in an administrative complaint may raise claims naturally arising from an investigation of the complaint, *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir.1995); *King v. Seaboard C.L. Railroad Co*, 538 F.2d 581, 583 (4th Cir.1976), it defies common sense to suggest a natural link between gender and age claims on the one hand and a national origin claim on the other.

Accordingly, Plaintiff's claim of illegal discrimination based on national origin must be dismissed.

### VI.

■ Dismissal of the United States as a party defendant is also sought. In an action

---

4. 29 C.F.R. § 1614.105 provides in pertinent part:

    (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

    (b) At the initial counseling session, Counselors must advise individuals in writing . . . that only the matter(s) raised in precomplaint counseling (or issues like or related to issues raised in precomplaint counseling) may be alleged in a subsequent complaint filed with the agency.

brought pursuant to Title VII, the only proper defendant is the head of the department or agency acting in his/her official capacity; 42 U.S.C. § 2000e–16(c). *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1196 (9th Cir.1989); *Holloway v. Bentsen*, 870 F.Supp. 898, 900 (N.D.Ind.1994). Contrary to Plaintiff's assertions, the United States enjoys sovereign immunity with regard to actions brought pursuant to the ADEA. *Daniels v. Browner*, 63 F.3d 906 (9th Cir.1995). The Court agrees that the United States is not a proper party.

A separate Order implementing this Opinion will be entered.

### ORDER

Upon consideration of Defendant Donna E. Shalala's Partial Motion to Dismiss and Plaintiff Mohammed S. Quraishi's Opposition thereto, it is for the reasons set forth in the accompanying Opinion this 29th day of April, 1997

ORDERED that Defendant Shalala's Partial Motion to Dismiss is hereby GRANTED; and it is further

ORDERED that Plaintiff's claim of illegal discrimination based on national origin is hereby DISMISSED WITH PREJUDICE; and it is further

ORDERED that Defendant United States of America is hereby DISMISSED as a party defendant.