**Ralph OMELI, Plaintiff–Appellant,**

**v.**

**NATIONAL COUNCIL OF SENIOR CITIZENS; Carol Browner, Administrator; Janet Cohen; Lois Platte; Dave Brzezinski; Connie Radwan; Terry Newell, Defendants–Appellees.**

No. 00–1772.

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Ralph Omeli, a Michigan citizen, moves for the appointment of counsel and appeals the final judgment for defendants in an employment discrimination action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Omeli filed this action against the National Council of Senior Citizens (NCSC), the administrator of the Environmental Protection Agency (EPA), and five individual EPA employees, alleging claims of race and national origin discrimination in hiring, discharge, and denial of reemployment, as well as sexual harassment, hostile environment, and conspiracy, all in violation of 42 U.S.C. §§ 1981, 1985, 2000d, and 2000e et seq., and Michigan state law. From 1994 to 1996, Omeli was a participant in the Senior Environmental Employment (SEE) program, authorized by the Environmental Programs Assistance Act, 42 U.S.C. § 4368a, performing work for the EPA as a computer analyst. Under that program, the EPA issues grants to non-profit agencies such as NCSC, who in turn pay senior citizens to perform services for the EPA on a temporary basis.

NCSC filed a motion to dismiss, with supporting documentation, and Omeli filed a response, also supported by documentation. The district court construed the motion as one for summary judgment, because it relied on matters outside the pleadings. The district court granted the motion in part, concluding that Omeli could not maintain his Title VI and Title VII claims or his Michigan law claim against NCSC because he was not an employee of NCSC, and could not base a § 1985 claim on a violation of Title VII. The EPA defendants also filed a motion to dismiss, to which Omeli responded. The district court granted that motion in part, dismissing the claims against the individual EPA employees due to lack of individual liability, and dismissing the Title VI and VII and Michigan law claims against the EPA on the ground that Omeli was not an employee of the EPA. The district court subsequently granted summary judgment to NCSC on the remaining § 1981 claim, which judgment Omeli is not challenging in this appeal. Finally, the district court granted summary judgment to the EPA on the remaining §§ 1981 and 1985 claims on the ground of sovereign immunity.

On appeal, Omeli argues that the district court erred in: 1) converting NCSC's motion to dismiss to one for summary judgment; 2) concluding that SEE enrollees are not employees; 3) finding his state law claim barred due to his lack of employee status; 4) dismissing his §§ 1981 and 1985 claims against the individual EPA employees; and 5) dismissing his §§ 1981 and 1985 claims against the EPA on the ground of sovereign immunity. He also argues that the district court judge should be recused on remand due to bias against him.

■ Upon review, we conclude that Omeli has failed to establish any error by the district court, and the judgment below must therefore be affirmed. In his first argument, Omeli contends that the district

court erred in converting NCSC's motion to dismiss into one for summary judgment because it relied on material outside the pleadings. This argument lacks merit. Omeli received the motion and supporting documentation, and responded with his own documentation. Therefore, he was not prejudiced. *See Salehpour v. Univ. of Tennessee,* 159 F.3d 199, 204 (6th Cir. 1998). Furthermore, the district court granted the motion on issues of law, which no amount of additional discovery or documentation would have altered. There was no genuine issue of material fact, and NCSC was entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Omeli next takes issue with the district court's conclusion that enrollees in the SEE program are not employees who may bring employment discrimination actions. The district court relied on the case of *Daniels v. Browner,* 63 F.3d 906, 908 (9th Cir.1995), in which a SEE enrollee filed an action under the Age Discrimination in Employment Act. The Ninth Circuit found the claim barred because Congress had explicitly provided that SEE enrollees would not be considered employees of either the EPA or the non-profit grant recipients. Omeli attempts to distinguish this case on the ground that he is not raising an age discrimination claim. However, nothing in the congressional history limited the denial of employee status only to age discrimination claims. Therefore, his argument is not persuasive. In a similar argument, he argues that his lack of employee status should not have precluded his claim under Michigan law. The intent of Congress that SEE enrollees not be considered employees applies to a discrimination claim under Michigan law just as it did to the age discrimination claim in *Daniels.*

■ The district court also correctly dismissed Omeli's §§ 1981 and 1985 claims against the individual EPA employees, as he could prove no set of facts which would entitle him to relief. *See American Eagle Credit Corp. v. Gaskins,* 920 F.2d 352, 353 (6th Cir.1990). Omeli's main argument is that the individual defendants moved only for dismissal of his Title VII claims, which Omeli conceded was proper in his response, yet the district court dismissed the claims under §§ 1981 and 1985 as well. Although the district court did not so state in its order, these claims against the individual employees were subject to dismissal on grounds relied on elsewhere in the district court's orders, to which Omeli had the opportunity to respond. There is no basis for a § 1981 claim against individuals acting under color of federal law. *Lee v. Hughes,* 145 F.3d 1272, 1277 (11th Cir. 1998). And, as the district court had previously held in granting NCSC's motion, a § 1985 claim cannot be based on a violation of Title VII. *See Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 527 (2d Cir. 1996).

■ Omeli also fails to make any persuasive argument as to why the EPA was not entitled to sovereign immunity on the claims under §§ 1981 and 1985, given the clear precedent to the contrary. *See Lee,* 145 F.3d at 1277; *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999). Again, Omeli argues that summary judgment was premature because he had not concluded discovery. However, he failed to show how additional discovery would have altered the conclusion that the EPA was entitled to sovereign immunity, and this argument therefore fails. *See Good v. Ohio Edison Co.,* 149 F.3d 413, 422 (6th Cir.1998).

Finally, Omeli's argument that the district court judge should be recused on

308

remand requires little discussion, as remand is unnecessary and Omeli failed to demonstrate any antagonism towards him on the part of the district court judge.

For all of the above reasons, the motion for counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.