Shahsultan JAFFER, Plaintiff,

v.

The NATIONAL CAUCUS AND CENTER ON BLACK AGED, INC.; Larry Crecy; Angela Hughes; Valerie Chestnut; Equal Employment Opportunity Commission; Richard E. Walz; E. Price; and Jane & John Does 1 Through 99, Defendants.

No. CIV. 1:03CV00096.

United States District Court, M.D. North Carolina.

Dec. 23, 2003.

Shahsultan Jaffer, Carrboro, NC, pro se.

Charles Matthew Keen, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Raleigh, NC, William A. Blancato, McCall, Doughton & Blancato, P.L.L.C., Winston–Salem, NC, David L. Frank, Thomas J. Schlageter, Mona Papillon, Washington, DC, for defendants.

### MEMORANDUM OPINION

BULLOCK, District Judge.

*Pro se* plaintiff Shahsultan Jaffer filed this discrimination action against the National Caucus and Center on Black Aged, Inc., the Equal Employment Opportunity Commission, and certain named employees of each agency in their official and individual capacities. Jaffer brings claims under 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§ 1981 and 1983, North Carolina General Statute § 99D–1, and breach of contract theory. Both the National Caucus and Center on Black Aged, Inc., and the Equal Employment Opportunity Commission have moved to dismiss Jaffer's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court will grant both Defendants' motions for dismissal.

### FACTS

Plaintiff Jaffer's claims stem from her participation in the Senior Environmental Employment ("SEE") program. Under this program, the United States Environmental Protection Agency ("EPA") works with private non-profit organizations to utilize the services of persons aged 55 or older in short-term work assignments. SEE participants serve yearly terms subject to renewal at the EPA's discretion. The National Caucus and Center on Black Aged, Inc. ("NCBA") is the non-profit sponsoring organization that placed Jaffer with the EPA.

On April 25, 1999, Jaffer began an assignment as an Administrative Research Assistant at the EPA's Clinical Research Branch in Chapel Hill, North Carolina. Jaffer alleges that while working as a SEE participant, she was asked to perform tasks normally done by EPA employees in addition to her SEE assignments, was subjected to surveillance after September 11, 2001, was asked about her religion, family, and political affiliations, and was reprimanded without justification. Jaffer also alleges that the NCBA compelled her to change her work schedule to times inconvenient for Jaffer and failed to investigate Jaffer's problems with her EPA supervisor.

On June 19, 2002, Jaffer filed a formal charge of unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC"). Jaffer claimed that the NCBA discriminated against her because she is a Muslim. The EEOC subsequently

dismissed the charge, finding that Jaffer and the NCBA did not have an employer-employee relationship. On March 19, 2003, the EPA decided not to renew Jaffer's enrollment under the SEE program, which was due to expire in April 2003. The NCBA notified Jaffer of her termination by letter on March 26, 2003.

## DISCUSSION

### I. Standard of Review

A motion to dismiss for failure to state a claim upon which relief may be granted made pursuant to Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

### II. Jaffer's claims against the EEOC and EEOC employees

■ Jaffer asserts claims against the EEOC under 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§ 1981 and 1983, North Carolina General Statute 99D–1, and common law breach of contract theory. Jaffer also asserts these claims against two EEOC employees, Walz and Price, in their individual and official capacities.[1] The Supreme Court mandates that the complaints of *pro se* litigants be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). Despite this directive, Jaffer cannot state a claim against the EEOC or its individual employees.

■ Jaffer attempts to sue the EEOC under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* However, Title VII enforcement provisions do not give third parties either an implied or express cause of action against the EEOC or its employees.[2] *See Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir.1983) ("Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful practice committed by the EEOC as an employer may bring a Title VII action against the EEOC."); *see also Georator Corp. v. Equal Employment Opportunity Comm'n*, 592 F.2d 765, 769 (4th Cir.1979). Jaffer is not suing the EEOC as an aggrieved employee; she merely seeks redress for her dissatisfaction with

---

**1.** The Supreme Court has stated that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the government official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Thus, only the claims against the employees as individuals will be considered above.

**2.** A claim against the EEOC employees would fail even if Jaffer could sue the agency under Title VII because employees are not personally liable for Title VII violations in the workplace. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir.1998).

the agency's treatment of her EEOC charge. Because Title VII was not intended to allow such suits, Jaffer's Title VII claim must be dismissed.

■ Likewise, Jaffer cannot bring suit against the EEOC pursuant to 42 U.S.C. § 1981 or § 1983 because these claims are barred by sovereign immunity. *See Hohri v. United States*, 782 F.2d 227, 245 n. 43 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987) (concluding in regard to the Civil Rights Act that "[t]hese statutes, by their terms, do not apply to actions against the United States"); *Unimex, Inc. v. United States Dep't of Hous. and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir.1979) (per curiam) (stating that "the United States has not consented to suit under the civil rights statutes"); *Bernard v. Calejo*, 17 F.Supp.2d 1311, 1314 (S.D.Fla.1998) ("As with section 1983, section 1981 does not contain an express waiver of sovereign immunity and thus may not be used against the United States." (citations omitted)).

■ Jaffer's civil rights claims against the EEOC employees in their individual capacities also fail. In her complaint, Jaffer does not allege any specific unlawful acts committed by the EEOC employees. However, had Jaffer alleged specific unlawful acts, her claims against the employees still would be precluded because sections 1981 and 1983 claims against individual government actors are untenable when the individuals are acting pursuant to federal law. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."); *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir.1998) (noting that "Section 1981 provides a cause of action for individuals subjected to discrimination by private actors and discrimination under color of state law, but does not provide a cause of action for discrimination under color of federal law."); *Daly–Murphy v. Winston*, 820 F.2d 1470, 1477 (9th Cir.1987) (reasoning that section 1983 does not provide a remedy against individual defendants acting under color of federal law).

■ Jaffer also attempts to sue the EEOC and its employees under North Carolina General Statute § 99D–1, which prohibits interference with civil rights. However, the plain language of the statute bars suits "under this Chapter against a governmental unit [or] a governmental official with respect to actions taken within the scope of his official governmental duties." N.C. Gen.Stat. § 99D–1(c). *See Hill v. North Carolina Dep't of Corr.*, 1999 WL 1939996, at *6 (E.D.N.C. Feb.26, 1999) (finding that the statutory language of § 99D–1(c) warranted dismissal of the plaintiff's claim against the North Carolina Department of Correction for interference with civil rights). In addition, Jaffer has failed to allege any facts regarding the EEOC or its employees that would support a colorable claim under the provisions of this law.

■ Finally, Jaffer's allegations against the EEOC and its employees for breach of contract will be dismissed because Jaffer has failed to show the existence of a contract, an essential element of her common law claim. *See Poor v. Hill*, 138 N.C.App. 19, 26, 530 S.E.2d 838, 843 (2000); *see also McCauley v. United States*, 152 F.3d 948 (Table), 1998 WL 224949, at *1 (Fed.Cir. Apr.20, 1998) (affirming dismissal of plaintiff's contract claim against the EEOC because plaintiff had not entered into a contract with the EEOC merely by receiving a "right to sue" letter).

III. Jaffer's claims against the NCBA and NCBA employees

■ Jaffer attempts to state a claim against NCBA under Title VII, contending

that her status as a SEE·enrollee·is sufficient to hold NCBA liable as an employer. However, Congress did not intend for SEE enrollees to be considered employees of their sponsoring agencies or of EPA. *See Daniels v. Browner,* 63 F.3d 906, 908–09 (9th Cir.1995) (examining legislative history relevant to the SEE program and concluding that SEE participants are not employees of the EPA or national aging organizations); *see also Omeli v. Nat'l Council of Senior Citizens,* 12 Fed.Appx. 304, 307 (Table) (6th Cir.2001) (affirming summary judgment for defendant on SEE plaintiff's Title VII claims against the EPA and his sponsoring agency because plaintiff was not an employee of either entity). Further, Jaffer's Enrollment Agreement with the NCBA clearly states that "[n]either EPA nor the National Caucus and Center on Black Aged, Inc. (NCBA), accord you 'employee' status by virtue of your enrollment in the SEE Program." (Def. NCBA's Opp'n to Pl.'s Mot. for Temporary or Prelim. Inj. Relief, Ex. 2, Attach. A, ¶ 8.) Thus, because Jaffer is not an employee of the NCBA, she cannot sustain her Title VII claims against the NCBA or against Crecy, Hughes, and Chestnut, the individually-named NCBA employees. *See Farlow v. Wachovia Bank of North Carolina,* 259 F.3d 309, 312–313 (4th Cir.2001) (affirming dismissal of plaintiff's Title VII claims because she was not an employee of defendant).

■ Jaffer's civil rights claims against the NCBA fare no better. Jaffer contends that the NCBA and its employees discriminated against her because she is a Muslim. She purports to ·bring a claim to redress this discrimination under 42 U.S.C. §§ 1981 and 1983. However, neither section of the Civil Rights Act is applicable to her allegations. Section 1981 does not apply to claims of religious· discrimination. *See Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Anderson v. Conboy,* 156 F.3d 167, 170 (2d Cir.1998); *Anooya v. Hilton Hotels Corp.,* 733 F.2d 48, 50 (7th Cir.1984).

■ Similarly, section 1983 does not apply to claims against private parties without state action. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ("Our [section 1983] cases have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State."); *Sumpter v. Harper,* 683 F.2d 106, 108 (4th Cir.1982) (noting that to maintain a section 1983 action, a plaintiff "must plead and prove, *inter alia,* action under color of State law"). In this case, the NCBA is a private, non-profit organization that has no affiliation with the State of North Carolina. There are no allegations or reasonable inferences that the State was involved in the alleged discriminatory conduct or that the NCBA was acting pursuant to a state directive. Because there is no state action, Jaffer cannot sustain a cause of action against the NCBA under section 1983.

■ Jaffer's state law claims also fail to survive the NCBA's motion to dismiss. Jaffer asserts that the NCBA's alleged discriminatory acts have violated North Carolina General Statute § 99D–1. To state a claim under this statute, a plaintiff must aver the existence of a conspiracy designed to interfere with her constitutional rights. N.C. Gen.Stat. § 99D–1(a). In her complaint, Jaffer alleges that "all Defendants knew that Plaintiff would prevail on the merits, and, thus, they conspired to dismiss her unlawful Employment Discrimination Charge, by falsely alleging: 'No Employer–Employee Relationship.' " (Pl.'s Compl. at ¶ 55.) Jaffer also alleges that "[t]he overt acts of commission and of omission by the Defendants, in concert, speak for themselves." (Pl.'s Compl. at ¶ 56.) Despite Jaffer's beliefs, the EEOC's refusal to issue a right-to-sue let-

ter based on Jaffer's contentions was not an act of conspiracy. Instead, both the NCBA and the EEOC recognized that Congress did not intend for SEE participants to be regarded as employees of the sponsoring agency. *See Daniels*, 63 F.3d at 908; *Omeli*, 12 Fed.Appx. at 307. Apart from the conclusory statements immediately above, Jaffer fails to mention any acts that would evidence a "meeting of the minds" sufficient to demonstrate a conspiracy between the EEOC and the NCBA. As a result, her interference with civil rights claim must be dismissed. *See Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 766 (4th Cir.2003) (affirming 12(b)(6) dismissal of plaintiff's state law conspiracy claims because "[plaintiff] has done no more than assert that the EEOC and Du-Pont conspired together; the facts that she has alleged do not give rise to a reasonable inference of conspiracy"); *Townsend v. Bd. of Educ. of Robeson County*, 118 N.C.App. 302, 305–06, 454 S.E.2d 817, 819 (1995) (affirming grant of summary judgment against plaintiff on N.C. Gen. Stat. § 99D–1 claim because "plaintiff offers nothing beyond bare assertions that defendants engaged in some conspiracy").

Finally, Jaffer attempts to state a breach of contract claim against the NCBA and its employees. The contract at issue apparently is Jaffer's SEE Program Enrollment Agreement, which she refers to as the "employment contract." (Pl.'s Compl. at ¶ 60.) The SEE Program Enrollment Agreement sets out the enrollee's start date, compensation, and other terms and conditions of the program. Jaffer alleges that the NCBA and its employees breached their "contract" with her because the NCBA did not object to Jaffer's performing work assignments normally given to EPA employees in addition to her regular assignments as an SEE participant. ▮ A breach of contract occurs when a party materially fails to perform an

obligation under the contract. *Millis Constr. Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C.App. 506, 510, 358 S.E.2d 566, 569 (1987). Jaffer's complaint fails to state a claim for breach of contract because the NCBA does not have the responsibility or obligation to control Jaffer's work assignments at the EPA. Instead, the NCBA's role in the SEE Program is largely administrative. Under the terms of the Enrollment Agreement, the NCBA is responsible only for tasks such as "processing of paperwork associated with travel and training reimbursements, payroll/fringe benefits administration, and other authorized expenses." (Def. NCBA's Opp'n to Pl.'s Mot. for Temporary or Prelim. Inj. Relief, Ex. 2, Attach. A, ¶ 4.) In contrast, the Enrollment Agreement gives the EPA responsibility over "the day-to-day direction of [SEE participant's] efforts." (*See* Def. NCBA's Opp'n to Pl.'s Mot. for Temporary or Prelim. Inj. Relief, Ex. 2, Attachment A, ¶ 4; *see also* Def. NCBA's Opp'n to Pl.'s Mot. for Temporary or Prelim. Inj. Relief, Ex. 2, Aff. of Lawrence Crecy, ¶ 6 ("EPA is solely responsible for determining whether it can utilize SEE Enrollees at the Research Laboratory. ... NCBA ... is responsible for administrative matters in connection with Enrollees' work").) Jaffer does not allege that the NCBA had any other implied or express duties outside the Enrollment Agreement that would support her contentions. Because authority over work assignments is vested solely in the EPA, Jaffer cannot show that the NCBA breached the Enrollment Agreement when the EPA gave Jaffer assignments normally handled by EPA employees. Thus, Jaffer's claim for breach of contract will be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant EEOC's motion to dismiss will be granted as to both the agency and the individual

defendants. Defendant NCBA's motion to dismiss will be granted as to both the agency and the individual defendants. All other pending motions will be dismissed as moot.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER and JUDGMENT

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED AND ADJUDGED that Defendant Equal Employment Opportunity Commission's motion to dismiss [Doc. # 24] is **GRANTED** as to both the agency and the individual defendants, and this action is **DISMISSED** with prejudice as to Defendant Equal Employment Opportunity Commission and its individual employees.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant The National Caucus and Center on Black Aged, Inc.'s motion to dismiss [Doc. # 19] is **GRANTED** as to both the agency and the individual defendants, and this action is **DISMISSED** with prejudice as to Defendant The National Caucus and Center on Black Aged, Inc., and its individual employees.

IT IS FURTHER ORDERED that all other pending motions are **DISMISSED** as moot.