[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13654
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00937-CV-F-S

TANJA L. ROUSE,

Plaintiff-Appellant,

versus

JOHN MCHUGH,
Secretary, Department
of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 8, 2009)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Tanja Rouse appeals the dismissal for lack of subject matter jurisdiction of her complaint of employment discrimination against the Secretary of the Department of the Army under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–e(17). Rouse alleged that her supervisors at the U.S. Army Aeromedical Research Laboratory in Fort Rucker, Alabama, discriminated against her on the basis of her race while she worked as a student contractor, see 10 U.S.C. § 2360. The district court held that Title VII does not waive sovereign immunity for Rouse's complaint because she was not an employee of the Army within the meaning of Title VII. We affirm.

"We review de novo the district court's dismissal of a complaint for sovereign immunity." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1285 (11th Cir. 2001). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. (quotation marks omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996).

Rouse argues that the waiver of sovereign immunity of Title VII permits her suit. Title VII provides that "[a]ll personnel actions affecting employees . . . in military departments . . . shall be made free from any discrimination based on race." 42 U.S.C. § 2000e-16. Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. Gen. Servs. Admin., 425 U.S. 820, 835, 96 S. Ct. 1961, 1969 (1976). Rouse argues that she was an "employee[]" while she worked for the Army at Fort Rucker. The laboratory hired Rouse as a student contractor under section 2360(a), which provides that "the Secretary of Defense may procure by contract under the authority of this section the temporary or intermittent services of students at institutions of higher learning for the purpose of providing technical support at defense research and development laboratories," 10 U.S.C. § 2360(a). The Army hired Rouse as a term contract employee, but Rouse alleges that the Army "required [her] to work and perform to the standards of an employee." Rouse alleges that her supervisor, Bradley Erickson, set and monitored her work and schedule as he would the work and schedule of a regular employee; that she was required to read and learn protocols and train and teach other personnel; and that she twice submitted to formal employee counseling to resolve conflicts at the laboratory. Rouse also asserts that the Internal Revenue Service advised her that "it appears that [she was] an

3

employee for the purpose of the [Federal Insurance Contributions Act]" while she worked for the Army. Rouse's argument fails.

"[L]ooking to the terms of the statute authorizing [Rouse's] position . . . , we find that Congress did not intend to waive the Government's sovereign immunity as to [section 2360] participants such as [Rouse]." Daniels v. Browner, 63 F.3d 906, 907 (9th Cir. 1995) (holding that a participant in the Senior Environmental Employment Program, 42 U.S.C. § 3056, was not an employee under the Age Discrimination in Employment Act, 29 U.S.C. § 633a). Section 2360(b) states that students, like Rouse, who provide services under section 2360(a) "shall be considered to be employees for purposes of chapter 81 of title 5, [Federal Employee Compensation Act], and to be employees of the government for purposes of chapter 171 of title 28, [Federal Tort Claims Act]," 10 U.S.C. § 2360(b), but section 2360(b) clearly provides that "[s]uch students who are not otherwise employed by the Federal Government shall not be considered to be Federal employees for any other purpose." Id. We cannot ignore the plain text of section 2360(b) and treat Rouse as an employee "for [the] other purpose" of Title VII.

The dismissal of Rouse's complaint is **AFFIRMED**.